OPINION
On August 28, 1997, the Fairfield County Court of Common Pleas, Juvenile Division, found the minor child Dylan Mason, d.o.b. 12/16/96, to be dependent and awarded temporary custody to Fairfield County Children's Services ("FCCS"). On November 17, 1998, FCCS filed a motion for permanent custody. A trial was held on May 6, 1999. On June 7, 1999, the trial court granted permanent custody of Dylan to FCCS. The natural father, Tony E. Mason, appeals and assigns the following single error:
 I. THE DECISION OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF APPELLANT'S SON TO FAIRFIELD COUNTY CHILDREN'S SERVICES WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE CHILD'S BEST INTEREST AND THAT THE CHILD CANNOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME.
The cornerstone of judicial proceedings to terminate parental rights and then establish new parental rights in adoptive parents is R.C. 2151.414(B): (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
(2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody.
Clear and convincing evidence that permanent custody is in the best interests of the child is required. R.C. 2151.414(B). We OVERRULE the assignment of error and affirm the judgment of the Fairfield County Juvenile Court. The record abundantly supports the findings of fact enumerated in the June 7, 1999, entry of Judge Steven S. Williams, and undergirds the conclusions of law and judgment that follow. That entry is attached hereto and incorporated herein. The trial court therein explicitly relied upon the language of at least four subsections under 2151.414(E) in determining that Dylan could not be placed with appellant within a reasonable time and should not be so placed: (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
 (8) The parent is repeatedly incarcerated and the repeated incarceration prevents the parent from providing care for the child;
 (9) The parent for any reason is unwilling to provide food, clothing, shelter and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical emotional, or mental neglect.
During the proceedings of May 6, 1999, FCCS presented testimony by caseworker Carla McGee and Dylan's mother's aunt, Sally Miller, who generally cared for the child due to the mother's need to "get her life straightened out." Tr. at 97. FCCS also called appellant to the stand on cross-examination. In light of the record, including appellant's admissions to numerous recent problems with the law, including felony convictions, his admission to his drug addiction and involvement in a burglary scheme, wherein stolen property was later exchanged for cash and cocaine, his choice of living environment during his period of non-incarceration in 1997, and his complete failure to provide child support for Dylan, we find no error in the trial court's conclusions based upon R.C.2151.414(E). We are compelled to note that SCDHS was not necessarily required to prove at trial that appellant completely failed in achieving the goals of the case plan. This court has upheld permanent custody findings despite evidence in the record that a parent made partial progress on his or her case plan. In re Bunting Children (Oct. 13, 1998), Stark App. No. 97CA0381, unreported. Turning to the best interests portion of the statute, the trial court was subject to the mandate of R.C. 2151.414(D), which, as of the date of filing of the FCCS permanent custody motion, read as follows: (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353
or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
The only difference in the status of the relationship between the appellant father and the child is that since the trial court hearing the father has been released from incarceration (as contemplated by the trial court) and expresses willingness and ability to assume the responsibilities inherent in parenthood. He prays for "an opportunity to either succeed or fail at a case plan." Appellant's Reply Brief at 3. The evolving concept of permanency planning for children continues to identify the tension between the need to provide care, custody, control on a continuing permanent basis to an infant child, and the hope that circumstances can change so that the natural parent can fulfill these responsibilities with the child. The law's clear preference is that a child remain in the custody and control of a natural parent. However, when, as here, the parent(s) have demonstrated an inability to provide appropriate love, care, custody, and control, and have failed to ameliorate the conditions that led to a finding of dependency, it is important that the difficult choice be made and the child be liberated to be placed in an adoptive home. The historic practice of long-term foster care has been the focus of much of the recent legislation in the area of permanency planning. Clearly, from an examination of the entire history of this father, the test of best interests of the child and inability to place the child with either parent within a reasonable time has been met. The trial court neither abused its discretion nor acted contrary to law in terminating parental rights and granting permanent custody of Dylan Mason to Fairfield County Children's Services. Appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.
 ________________________________ MILLIGAN, V. J.
GWIN, P.J., and FARMER, J., concur.